### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 7015, | |
| *Plaintiff,* | Case No. 1:21-cv-06868-JPC-JEW |
| v. | |
| ELEKTRA ENTERTAINMENT GROUP, INC., WARNER COMMUNICATIONS LLC, WARNER MUSIC GROUP CORP., JAMES EURINGER, JOSEPH J. GALUS, and DOES 1–5, whose identities are unknown to Plaintiff, | |
| *Defendant(s).* | |

### **DECLARATION OF ALAN A. GREENBERG IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT JAMES EURINGER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## DECLARATION OF ALAN A. GREENBERG

I, Alan A. Greenberg, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney, duly admitted to practice law in this Court. I am an attorney with the law firm of Greenberg Gross LLP, counsel for Plaintiff Jane Doe 7015. The facts stated herein are within my personal knowledge and if called upon to testify, I can truthfully and competently do so as to all matters herein.

2. This case involves claims for relief relating to years-long sexual abuse sustained by Plaintiff at the hands of Defendant James Euringer ("Euringer", or "Defendant") when Plaintiff was a minor.

3. Plaintiff's injuries occurred approximately 28 years ago, in 1996, when Euringer, a 27-year old man, began sexually abusing Plaintiff, who was a minor.

4. Prior to the instant lawsuit, Plaintiff's last contact with Euringer was approximately 25 years ago, in 1999.

5. In 2021, pursuant to New York's Child Victims Act, CPLR 214-g, Plaintiff was able to revive her previously time-barred claims against Euringer.

6. On August 9, 2021, Plaintiff filed her first complaint in New York. A true and correct copy of the complaint is attached hereto as **Exhibit A**.

7. Plaintiff was never made aware of, or in possession of, Euringer's present address.

8. Accordingly, Plaintiff identified Euringer's residence in her complaint as either being in California or New Zealand, and requested a summons listing Euringer's last known address in Van Nuys, California.

9. On August 15, 2021, Defendants Elektra Entertainment Group, Inc., Warner Communications LLC, Warner Music Group Corp., (the "corporate defendants") removed Plaintiff's complaint to the U.S. District Court for the Southern District of New York, identified in the present case docket as ECF No. 1.

10. Following removal, my firm attempted to effect service on Euringer at the Van Nuys address on November 5, 2021. A true and correct copy of correspondence from my office attempting to initiate service is attached hereto as **Exhibit B**.

11. Service was not accomplished at the California residence.

12. Plaintiff filed her First Amended Complaint on March 7, 2022, identified in the present case docket as ECF No. 35.

13. Given the prior failure of service on Euringer in Van Nuys, the First Amended Complaint was updated to remove Van Nuys from Euringer's presumed residence.

14. The corporate defendants moved to dismiss and after extensive litigation of the issues, on March 31, 2023, the Court granted the motion to dismiss the corporate defendants. The order is identified in the present case docket as ECF No. 57.

15. Additionally, the Court ordered "Should [Plaintiff] still wish to amend, by April 21, 2023, she shall file a pre-motion letter in conformity with Rule 6.A of the Court's Individual Rules and Practices in Civil Cases. By that date, she shall also provide a status update as to the remaining Defendants, including whether they have been served with the Amended Complaint and, if not, whether she requests an extension of time to complete service."

16. Following the Court's directive in its order dismissing the corporate defendants, on April 21, 2023, my office provided a status update to the Court that requested a discretionary extension of time to locate and serve Euringer in New Zealand, which service we believed would

-3-

need to be conducted under the Hague Convention. The status update is identified in the present case docket as ECF No. 59.

17. On April 24, 2023, this Court granted an order to extend time to serve Euringer. The Court's order is identified in the present case docket as ECF No. 60.

18. Following the court's order to extend time, the primary attorney for Plaintiff, Deborah Mallgrave, left Greenberg Gross LLP and withdrew as counsel in this case, as reflected in ECF No. 63.

19. Ms. Mallgrave had been the primary client contact and the attorney responsible for locating and serving Euringer.

20. In light of Ms. Mallgrave's departure, my firm reassigned another attorney, Eckley Keach, to continue Plaintiff's obligation to locate and serve Defendant.

21. Given the timing of Ms. Mallgrave's departure, effective September 29, 2023, Mr. Keach was tasked with researching the most expeditious way to effect service within the Court's deadline.

22. Mr. Keach determined that the Hague Convention did not apply to service in New Zealand and he conducted expedited research to locate an investigator in New Zealand.

23. Mr. Keach was able to retain a New Zealand investigator shortly before the Court's October deadline, however, service was unable to begin immediately because the newly hired investigator needed to locate Euringer's residential address.

24. Additionally, Mr. Keach could not obtain a signed summons until Plaintiff's investigator located Euringer's address.

25. On October 25, 2023, the retained investigator provided Mr. Keach with Euringer's address and the following day, received a signed summons, identified in the present case docket as ECF No. 67.

26. That same day, on October 26, 2023, Mr. Keach instructed the investigator to begin attempts to serve Euringer.

27. On October 30, 2023, on the eve of the Court's first deadline to serve Defendant, Plaintiff's investigator informed Mr. Keach that four attempts had been made at Euringer's apartment, that the apartment was occupied, and that nobody was answering the door. A true and correct copy of that correspondence is attached hereto as **Exhibit C.**

28. In light of the investigator's update, on October 31, 2023, I updated this Court, providing the same information that the investigator provided my firm, and requested an additional 30 days to serve Euringer. The status report is identified in the present case docket as ECF No. 68.

29. On November 1, 2023, this Court, exercised its discretion to grant a second order to extend time to serve Euringer. The court's second order extending time is identified in the present case docket as ECF No. 69.

30. In light of the Court's second order extending time, Mr. Keach directed the investigator to continue to attempt service on Euringer.

31. The investigator provided periodic updates to Mr. Keach on his attempts to serve Euringer. Attempts to serve Euringer were made on November 1, November 3, November 7, November 8, November 9, November 10, November 13, November 14, November 15, November 17, November 20, November 24, November 25, and November 27, 2023, along with status updates and attached photographs indicating the investigator's attempts. True and correct

copies of the updates and photographs sent by the investigator to Mr. Keach are attached hereto as **Exhibit D**.

32. The investigators status updates between November 1, and November 27, 2023, showed Euringer's apartment to be occupied for nearly the entire month of November. Specifically, on November 14, 2023, the investigator provided a video showing an individual matching Euringer inside of Euringer's residence. A true and correct copy of the investigator's update and video are attached hereto as **Exhibit E.**

33. These photographs, videos, and the investigator's eyewitness observations throughout November demonstrated that Euringer was at his residence for the majority of November.

34. On November 27, 2023, service was accomplished on Euringer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: January 19, 2024

*/s/ Alan A. Greenberg*
Alan A. Greenberg