UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 7015.,<br><br>*Plaintiff*,<br><br>v.<br><br>ELEKTRA ENTERTAINMENT, GROUP, INC., WARNER COMMUNICATIONS LLC, WARNER MUSIC GROUP CORP., JAMES EURINGER, and DOES 1–5, whose identities are unknown to Plaintiff,<br><br>*Defendants*. | Case No.: 1:21-cv-06868-JPC-JEW |

**REPLY IN SUPPORT OF DEFENDANT JAMES EURINGER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I.  INTRODUCTION ..................................................................................................................1

II. ARGUMENT........................................................................................................................1

    A.  The Court did not rule that Plaintiff complied with Rule 4(m) when endorsing Plaintiff's requests for extension of time to serve Defendant; this motion is therefore governed by Rule 12(b)(5) and not a motion seeking relief from a court order. ...................................................................................................................1

        1.  Plaintiff fails to provide any legal authority that supports her position that the endorsement of the Extension Requests rendered service of the complaint timely. ..................................................................................................2

        2.  Pertinent case law on Rule 4(m) belies Plaintiff's position that the Court, by endorsing the Extension Requests, ruled that Plaintiff complied with Rule 4(m). ..................................................................................................................3

            (a)  The Extension Requests were filed enormously beyond the prescribed 90-day time limit. ........................................................................3

            (b)  The Extension Requests did not constitute proper Rule 6(b) motions for enlargement of time.................................................................................3

            (c)  The Court did not rule that Plaintiff complied with Rule 4(m) when it endorsed the Extension Requests because the Court at the time was not in possession of all relevant facts. ....................................................4

            (d)  The filing of a Rule 6 motion for extension of time is only one of three factors Courts consider when assessing whether service was done timely..........................................................................................5

    B.  The November 4, 2021, email to the process server does not constitute a reasonable attempt to serve Defendant and the foreign country exception in Rule 4(m) does not apply. ..............................................................................................6

    C.  The facts show that Plaintiff did not act with good cause or reasonable diligence in timely serving Defendant; therefore, even if the foreign country exception under Fed. R. Civ. P. 4(m) applied, dismissal is warranted..........................................7

    D.  Plaintiff fails to properly oppose Defendant's arguments on the "prejudice" and "discretion" prong. ..........................................................................................................9

III. CONCLUSION...................................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Application of the Royal Bank of Canada*,
 33 F.R.D. 296 (S.D.N.Y.1963) ........................................................................................... 9

*Brooks v. Educ. Bus Transp.*,
 2015 WL 7012924 (E.D.N.Y. Nov. 12, 2015) .................................................................... 3

*E. Refractories Co. v. Forty Eight Insulations, Inc.*,
 187 F.R.D. 503 (S.D.N.Y. 1999) ......................................................................................... 9

*Esposito v. TipRanks, Ltd.*,
 2024 WL 68528 (S.D.N.Y. Jan. 4, 2024) ......................................................................... 5, 6

*Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*,
 233 F.R.D. 344 (S.D.N.Y. 2005) ......................................................................................... 8

*Fallman v. Hotel Insider, Ltd.*,
 2016 WL 5875031 (S.D.N.Y. Oct. 7, 2016) ........................................................................ 7

*Gleason v. McBride*,
 869 F.2d 688 (2d Cir. 1989) ................................................................................................ 9

*Gordon v. Hunt*,
 116 F.R.D. 313 (S.D.N.Y.1987) .......................................................................................... 5

*Gowan v. Teamsters Union* (237),
 170 F.R.D. 356 (S.D.N.Y. 1997) ..................................................................................... 3, 5

*In re Bozel S.A.*,
 549 B.R. 446 (Bankr. S.D.N.Y. 2016) ...................................................................... 5, 7, 9

*In re Veon Ltd. Securities Litigation*,
 2018 WL 4168958 (S.D.N.Y., 2018) .................................................................................. 7

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*,
 265 F.R.D. 106 (S.D.N.Y. 2010) ......................................................................................... 6

*Russell v. Hollister Corp.*,
 2014 WL 2723236 (S.D.N.Y. June 17, 2014) ..................................................................... 2

*Thomas v. Shinseki*,
 2011 WL 4753525 (E.D.N.Y.,2011) ................................................................................. 10

*Timmons v. New York State Dep't of Corr. Servs.*,
 1993 WL 118517 (S.D.N.Y. Apr. 13, 1993) ....................................................................... 4

*Zapata v. City of New York*,
 502 F.3d 192 (2d Cir. 2007) .............................................................................................. 10

**Rules**

Fed. R. Civ. P. 4 and 41(b) ........................................................................................................ 3
Fed. R. Civ. P. 12(b)(5) ............................................................................................................ 10
Fed. R. Civ. P. 41(b) ................................................................................................................ 10
Fed.R. Civ. P. 6(b) ..................................................................................................................... 5

**I.      INTRODUCTION**

This is a textbook case of a Plaintiff who acted in total disregard of the time constraints set forth in Fed. R. Civ. P. ("Rule") 4(m) and pertinent case law. That disregard has led to a delay of almost ***800 days*** in serving Defendant. Plaintiff would like to have this Court believe otherwise in order to save her complaint, now that all other defendants have been dismissed from this action. But the record shows that Plaintiff repeatedly and inexcusably remained inactive for extensive periods of time. Plaintiff's reliance on the fact that she filed two requests for extension of time to serve Mr. Euringer that were endorsed by the Court is also misplaced because, *inter alia*, the first request was filed ***17 months*** after the end of the 90-day time limit set forth in Rule 4(m), and the Court was not in possession of all relevant facts when endorsing the requests. It is therefore axiomatic that the endorsements did not constitute rulings that Plaintiff complied with Rule 4(m). Only now upon Defendant's motion to dismiss may the Court properly rule on that issue.

**II.     ARGUMENT**

**A.      The Court did not rule that Plaintiff complied with Rule 4(m) when endorsing Plaintiff's requests for extension of time to serve Defendant; this motion is therefore governed by Rule 12(b)(5) and not a motion seeking relief from a court order.**

Plaintiff's Opposition Brief (Dkt. 79) ("Opp") is based on the false legal premise that service was timely because the Court granted Plaintiff's two extension requests (Dkt. 59; Dkt. 68) (the "Extension Request(s)" or "Request(s)") and because Defendant was served within the deadline set forth in the second Extension Request. Thus, according to Plaintiff, Rule 12(b)(5) is inapplicable, and Defendant would have to seek relief from a court order pursuant to Rule 60 or the court's plenary power to reconsider prior orders. *See* Opp. at 9 *et seq*. Plaintiff is essentially making the argument that the Court by endorsing the Requests already ruled that Plaintiff complied with Rule 4(m). But that position is both factually and legally unsupported.

1. **Plaintiff fails to provide any legal authority that supports her position that the endorsement of the Extension Requests rendered service of the complaint timely.**

Plaintiff first cites to a line of cases which outlines general principles in connection with motions seeking relief from court orders. *See* Opp. at 10. But none of those cases are applicable here because none of them involve a Rule 12(b)(5) motion based on delayed service pursuant to Rule 4(m): *United States v. Cirami* involves a motion seeking relief from summary judgment pursuant to Rule 60(b); *Franzon v. Massena Mem'l Hosp.* involves a motion for reconsideration of a prior discovery order pursuant to Rule 60; *Huk-A-Poo Sportswear, Inc. v. Little Lisa, Ltd.* involves a motion for relief from an injunction based on changed circumstances; *Shrader v. CSX Transp., Inc.* involves a motion for reconsideration of an order dismissing a challenge to a decision of the Public Law Board involving the Railway Labor Act; and lastly *Hood River Cnty. Sch. Dist. v. Student* involves a motion to stay requesting that the court stay consideration of the merits of an attorney's fees motion pending an appeal.

Plaintiff also relies on *Plaintiff Russell v. Hollister Corp*. 2014 WL 2723236 (S.D.N.Y. June 17, 2014) which reads: "It is well-established that an order of service may supersede the usual deadline for service that runs from the date the complaint is filed." *Id*. at 3. However, *Russell* is clearly distinguishable from the instant case. For one, *Russell* involves an intervening order of service which the court entered because plaintiff was proceeding *in forma pauperis*. Here, no such order was issued. Moreover, *Russell* does not deal with a situation such as the one here where a court endorsed an extension request that was submitted **almost two years** (20 months) after filing of the initial complaint, and thus well after the 90-day limit set forth in Rule 4(m). Nor does *Russell* address the question of how to categorize such late Extension Requests – and hence the endorsements of those Requests – under the Federal Rules of Civil Procedure.

For lack of providing any applicable authority, Plaintiff has failed to show that the endorsements of the Extension Requests rendered service of the complaint timely. Indeed, that position is belied by pertinent case law on Rule 4(m).

> 2. **Pertinent case law on Rule 4(m) belies Plaintiff's position that the Court, by endorsing the Extension Requests, ruled that Plaintiff complied with Rule 4(m).**
>
> (a) **The Extension Requests were filed enormously beyond the prescribed 90-day time limit.**

As Defendant explains in his Memorandum in support of Defendant's Motion to Dismiss (Dkt. 77) ("Opening Brief") "when courts consider granting an extension of time … they are [only] considering motions made by plaintiffs prior to the expiration of the [90]–day period." *Brooks v. Educ. Bus Transp.*, No. 14-CV-3237 SJF ARL, 2015 WL 7012924, at *9 (E.D.N.Y. Nov. 12, 2015); Opening Brief at 13-14. This rule alone disqualifies the Extension Requests from being eligible vehicles that could render Plaintiff's service upon Defendant timely. *See also Gowan v. Teamsters Union* (237), 170 F.R.D. 356, 360 (S.D.N.Y. 1997) (granting motion to dismiss pursuant to Fed. R. Civ. P. 4 and 41(b)) ("Clearly, Gowan did not make a "reasonable effort" to effect service. Although he did request an extension pursuant to 6(b) from Judge McKenna, Gowan did not make this request until 127 days after the Complaint was filed, one week after the 120 period had already expired."). Plaintiff ignores this line of cases in its entirety.

> (b) **The Extension Requests did not constitute proper Rule 6(b) motions for enlargement of time.**

Plaintiff also ignores the fact that her Extension Requests did not constitute proper motions for enlargement of time pursuant to Rule 6(b). The Requests were submitted after the time to ask for an enlargement had expired given that the Requests were filed well after 90 days of removal of the complaint. Thus, any request for an extension of time would have had to be brought under Rule 6(b)(1)(B) which requires a showing of excusable neglect. However, Plaintiff simply filed

3

two short status reports that did not include such a showing (nor could it have because there was no excusable neglect). *See Timmons v. New York State Dep't of Corr. Servs.*, No. 89 CIV. 6400 (LBS), 1993 WL 118517, at 4 (S.D.N.Y. Apr. 13, 1993) (granting a Rule 12(b)(5) motion to dismiss for failure to timely serve defendant).[1]

### (c) The Court did not rule that Plaintiff complied with Rule 4(m) when it endorsed the Extension Requests because the Court at the time was not in possession of all relevant facts.

Plaintiff is also wrong when she claims that the Court was fully appraised of all relevant facts when endorsing the Requests and thus already made a discretionary ruling that service of the complaint was timely under Rule 4(m). *See* Opp. *passim*. As just seen, the Requests did not include a showing of excusable neglect as required under Rule 6(b). The Court therefore could not have possibly passed judgment on whether Plaintiff acted diligently in attempting to serve Defendant.

Above that, as the Opening Brief sets forth in detail and as is further set forth below, the Extension Requests misstated and omitted relevant facts, thereby creating the wrong impression that Plaintiff had been diligently attempting to effect service and that Defendant avoided service. *See* Opening Brief at 5-6, *infra* C.[2] It was not until Defendant filed his motion to dismiss that the Court was presented with a complete set of relevant facts on the issue. *See* Opening Brief at 11-

---

[1] "[P]laintiff never sought an enlargement of time in which to serve Dr. Rosenblum **under Rule 6(b)(1) before the 120-day** [now 90-day] **period had elapsed, or under Rule 6(b)(2) after the period had elapsed**. It is true that Steiman & Steinberg sent several letters to the Court … report[ing] to the Court that the defendant was having difficulty serving Dr. Rosenblum. However, **these letters were not presented as applications under Rule 6(b) for an enlargement of time in which to serve Dr. Rosenblum, nor is this Court willing to construe them as such nearly three years after the fact**. Furthermore, it does not appear that the plaintiff was diligently attempting to locate and serve Dr. Rosenblum at the time they requested extensions of discovery." (emphasis added).

[2] To prove that Defendant evaded service, Plaintiff submitted video evidence with her Opposition to show that Defendant's apartment was purportedly not empty when the process server attempted service (*see* Exhibit E to Decl. in support of Opp.). But that video cannot prove that Defendant avoided service because the video shows a neighbor's not Defendant's apartment. Moreover, Defendant conclusively proved (and more evidence can be provided if needed) that he and his family were absent from their home when the video was taken because they were on a trip in the United States. *See* Euringer Decl. ¶¶6-9.

4

14. It is therefore axiomatic that the Court's endorsement of the Requests did not assess whether Plaintiff complied with Rule 4(m).

In this context, *Esposito v. TipRanks, Ltd*., No. 22-CV-7937 (LJL), 2024 WL 68528 at 1 (S.D.N.Y. Jan. 4, 2024) is instructive. There, the plaintiff filed a letter motion for an extension of time to serve a foreign defendant. The Court granted that letter motion in a two-page Memorandum & Order setting forth the applicable legal standard, restating the relevant facts and affirmatively concluding that plaintiff had reasonably attempted service within 90-days of filing the complaint. *Id*. (Dkt. 11). Here, by contrast, no such findings or conclusions were made.

### (d) **The filing of a Rule 6 motion for extension of time is only one of three factors Courts consider when assessing whether service was done timely.**

Plaintiff's argument that her Extension Requests bar Defendant's motion pursuant to Rule 12(b)(5) based on untimely service also contravenes established case law according to which "whether or not the plaintiff has moved under Fed.R.Civ.P. 6(b) for an enlargement of time in which to effect service" is only one of three factors "courts … consider in determining whether good cause exists to warrant service outside the [90] day limit." *Gowan, supra,* at 359-60, citing *Gordon v. Hunt*, 116 F.R.D. 313, 319–321 (S.D.N.Y.1987). Accordingly, a motion for extension of time does not *per se* establish that a plaintiff complied with Rule 4(m). The plaintiff must also show that the delay in service was the result of mere inadvertence, or whether there has been a reasonable effort to effect service …" *Id*. at 359 (internal citations omitted).

'Consequently, no good cause or diligence is established if a request for an extension of time only became necessary because a plaintiff did not diligently attempt to locate and serve a defendant or where a plaintiff did nothing but file for an extension and otherwise stayed inactive in serving the defendant. *See In re Bozel S.A.*, 549 B.R. 446, 450 (Bankr. S.D.N.Y. 2016), *aff'd*, No. 1:16-CV-3739 (ALC), 2017 WL 3175606 (S.D.N.Y. July 25, 2017) ("Even where prior steps

5

are taken to effectuate service on a foreign defendant, courts have held that the failure to take further steps makes the subsequent passage of time unreasonable.") (collecting cases). Here, as the Opening Brief sets forth in detail and as will be further set forth below, Plaintiff has not shown that there have been any reasonable efforts to effect service. *See infra* C.

> **B.** **The November 4, 2021, email to the process server does not constitute a reasonable attempt to serve Defendant and the foreign country exception in Rule 4(m) does not apply.**

Plaintiff claims that the foreign country exception applies because a first service attempt upon Defendant was timely made within 90 days of removal of the complaint on November 4, 2021, when the office of Plaintiff's counsel sent an email to a process server requesting that the summons and complaint be served upon all Defendants. *See* Exhibit B to Declaration of Alan A. Greenberg in Support of Opp. ("Decl."). But the email alone is insufficient to show that Plaintiff properly commenced service efforts. While courts have held that the hiring of a process server may constitute an attempt of service, such an attempt must be reasonable in order to trigger the application of the foreign country exception. *See, e.g., Esposito v. TipRanks, Ltd.*, No. 22-CV-7937 (LJL), 2024 WL 68528, at *1 (S.D.N.Y. Jan. 4, 2024) ("The Court observed that Rule 4(m)'s deadline does not apply to service on a corporation outside the United States, as long as the plaintiff has exercised **due diligence in attempting to serve** the defendant in a foreign country.") (emphasis added); *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 116 (S.D.N.Y. 2010) ("Plaintiffs have not met their threshold requirement of **reasonably attempting** to effect service on [foreign] defendants …") (emphasis added).

Here, the email to the process server does not constitute such a reasonable attempt because the email only lists a California address and does not mention New Zealand. However, in 2021, Mr. Euringer, a celebrity, had already been permanently and continuously living in New Zealand for three years and that information had been widely published in the entertainment press and on,

6

*inter alia*, Wikipedia or could have been easily ascertained through his band's counsel Mr. Kenneth Anderson. *See* Opening Brief at 3. Moreover, according to the complaint, Plaintiff was aware that Defendant's residence was likely in Wellington, New Zealand. *Id.* at 3-4. Yet, she elected not to spend any time during the three months after filing the complaint to hire an investigator and pursue service of Defendant in New Zealand.

      **C.**    **The facts show that Plaintiff did not act with good cause or reasonable diligence in timely serving Defendant; therefore, even if the foreign country exception under Fed. R. Civ. P. 4(m) applied, dismissal is warranted.[3]**

Plaintiff's Opposition is devoid of any plausible evidence establishing good cause or reasonable diligence, both of which require that the delay was caused by "challenges encountered in making foreign service" as opposed to circumstances in Plaintiff's control. *Fallman v. Hotel Insider, Ltd.,* No. 14CV10140 (DLC), 2016 WL 5875031, at *4 (S.D.N.Y. Oct. 7, 2016) (granting Rule 12(b)(5) motion to dismiss); *see also In re Veon Ltd. Securities Litigation*, 2018 WL 4168958, at *9 (S.D.N.Y., 2018).

But Plaintiff has categorically failed to make such a showing. Indeed, Plaintiff's proffered timeline of events surrounding her alleged efforts to serve Defendant does not account for the long periods of inactivity:

The first period of inactivity is the **three months** delay between the filing of the initial complaint and Plaintiff's first alleged attempt to serve Mr. Euringer on November 4, 2021. *See supra*. Plaintiff is silent on why it took three months to reach out to a process server or why she only provided a California address when she already knew in August 2021 that Defendant was

---

[3] This section addresses both the issue of "good cause" and "reasonable diligence" because both standards are "practically the same." *In re Bozel* at 2, n. 4. For a lengthy discussion of the applicable legal standards under Rule 4(m) of service upon a foreign defendant, please see Opening Brief at 7-20.

likely living in Wellington, New Zealand; nor does Plaintiff explain what (if anything) was done during that time to investigate Defendant's place of residence.

Even more concerning is the second **17 months** long period of inactivity between the November 4, 2021, email and Plaintiff's first (Court-ordered) status report and Extension Request on April 21, 2023. Based on the representations in the status report and based on Plaintiff's admissions in her Opposition, it took Plaintiff 17 months simply to verify that Defendant was residing in New Zealand even though she knew at the time she filed the initial complaint that Defendant was likely living in Wellington, New Zealand. *See* Opening Brief at 3-4.[4] But it took the process server (once retained) only a few days to verify Defendant's address and start serving him. *Id.* at 10. This conclusively proves that the delay was caused because Plaintiff was simply "unwilling[] to inquire diligently as to the party's location." *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 352 (S.D.N.Y. 2005) (granting motion to dismiss).

Lastly, Plaintiff fails to offer any plausible evidence showing why Plaintiff waited **six months** until October 21, 2023, after the court endorsed the second Extension Request to hire a process server in New Zealand.

Plaintiff tries to excuse these delays by alleging that Ms. Mallgrave who according to Plaintiff had been the primary client contact and the attorney responsible for locating and serving Mr. Euringer left the firm on September 29, 2023. *See* Opp. at 16; Decl. ¶18. But that is a red herring. When Ms. Mallgrave left the firm, the complaint had already been pending for over two years. For lack of any evidence, it is unclear why Ms. Mallgrave could not have located or served Mr. Euringer during that time. Indeed, based on Plaintiff's own admission, it was only after Ms.

---

[4] Indeed, while the complaint specifically mentions Wellington as Defendant's likely place of residence, the first Extension Request creates the impression that Plaintiff had only been able to generally verify that Defendant was residing in New Zealand and that she still had to locate him within New Zealand. Thus, Plaintiff takes the inconsistent position that she knew less 1.5 years after filing the complaint.

8

Mallgrave's departure, *i.e.*, in late 2023, that Plaintiff's counsel "determined that the Hague Convention did not apply to service in New Zealand and … conducted expedited research to locate an investigator in New Zealand." Decl. ¶22. This shows that Ms. Mallgrave did not even engage in the most basic steps to serve Defendant for two years. There is thus simply no plausible connection between Ms. Mallgrave's leaving the firm and the delay in serving Mr. Euringer.

Plaintiff's failure to explain the gaping periods of inactivity clearly negates a finding of good cause. *See E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. 1999) ("Moreover, conspicuously absent from Eastern's motion papers is any explanation for its eight-month delay …"); *In re Bozel S.A.*, No. 1:16-CV-3739 (ALC), 2017 WL 3175606, at *3 (S.D.N.Y. July 25, 2017) "[T]here are lengthy delays where no specifics are provided about any service related activity after September 2013 …"); *Gleason v. McBride*, 869 F.2d 688, 691 (2d Cir. 1989) citing *Application of the Royal Bank of Canada*, 33 F.R.D. 296, 299–303 (S.D.N.Y.1963) ("He provided no explanation for the thirty-four month interval between filing the amended complaint and serving the defendants …").[5]

### D. **Plaintiff fails to properly oppose Defendant's arguments on the "prejudice" and "discretion" prong.**

The Opening Brief argues in great detail why Defendant would be prejudiced if Plaintiff was allowed to continue with this action, *see* Opening Brief at 14-16, and why the Court should not use its discretion to deny dismissal, *id*. at 16-18. Plaintiff either fails to oppose these arguments altogether or does not properly oppose them.

As to the prejudice prong, Plaintiff merely conducts a balancing analysis under Rule 41(b). *See* Opp. at 17. While that analysis overlaps with the analysis under Rule 4(m), Plaintiff fails to

---

[5] In all of these cases the courts granted Rule 12(b)(5) motions for lack of a showing of good cause or reasonable diligence.

distinguish any of the cases cited by Defendant that show that Defendant would be more prejudiced than Plaintiff if this motion was denied. This includes case law according to which a defendant is *presumed* to be prejudiced in cases involving such lengthy delays as those at issue here. *See Thomas v. Shinseki*, 2011 WL 4753525, at *5 (E.D.N.Y.,2011); Opening Brief at 14-15, 23. Moreover, irrespective of the legislative scheme and intent underlying the revival statute, case law is also clear that "in the absence of good cause, no weighing of the prejudices between the two parties **can ignore that the situation is the result of the plaintiff's neglect**." *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007) (emphasis added). Here, it is well-established that it was solely due to Plaintiff's own choice that she forfeited her right to pursue this action.

As to the discretion prong – rather than argue why the Court should use its discretion now to deny Defendant's motion to dismiss – Plaintiff takes the erroneous legal position that the Court already used its discretion to grant the Extension Request rendering service timely. *See* Opp. *passim*. But, as seen above and as set forth in the Opening Brief, the Court could not have used its discretion to rule that service was timely pursuant to Rule 4(m) because the Court was not in possession of all relevant facts to make such a ruling and because the Extension Requests were misleading.

### III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the FAC be dismissed against Defendant pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 41(b).


Dated January 29, 2024                               Respectfully submitted,

RIMON PC

By: */s/ Steven Aaron*
Steven M. Aaron
MO # 41653
633 E. 63rd Street, Suite 220
Kansas City, Missouri 64110
Phone/fax: 816.631.1075
Steven.aaron@rimonlaw.com
*(Pro hoc vice forthcoming)*

By: */s/ Anthony C. Acampora*
Anthony C. Acampora
NY # 198242
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Phone/fax: 516.479.6330
anthony.acampora@rimonlaw.com

By: */s/ Anna Freymann*
Anna Freymann
NY # 5863717
100 Park Avenue 16th Floor
New York, NY 10017
Anna.freymann@rimonlaw.com

*Attorneys for Defendant James Euringer*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 29, 2024, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                 /s/ *Anthony C. Acampora*
                                                 *Attorney for Defendant James Euringer*